

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

CHANNETTE CARPENTER, Individually,    )
And as Special Administrator of the    )
Estate of Baby Carpenter (deceased)    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )
                                        )
THE CITY OF CHICAGO, Chicago  Police    )
Officers Paul M. Lorenz (Star No.  6592), )
Matthew D. Shea (Star No. 13541),  Dominick )
Doris (Star No. 21202), Rebecca Garcia  )
(Star No. 5529),  Mahmoud Haleem        )
(Star No. 14193), and Unknown Chicago   )
Police Officers, CERMAK HEALTH          )
SERVICES, COOK COUNTY, ILLINOIS,        )
UNKNOWN  DOCTORS                        )
                                        )
            Defendants.                 )

**FILED**

DEC - 7 2007  *rg*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEC 07 2007

07cv6918
JUDGE KENDALL
MAG. JUDGE BROWN

**PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I.      INTRODUCTION................................................................4

II.     JURISDICTION AND VENUE................................................5

III.    PARTIES.........................................................................5

IV.     FACTUAL ALLEGATTIONS..................................................7

V.      FEDDERAL CLAIMS FOR REFLIEF.......................................13

        A.    COUNT I. ..............................................................13

        B.    COUNT II. .............................................................14

        C.    COUNT III. ............................................................15

        D.    COUNT IV. ............................................................16

        E.    COUNT V. .............................................................17

        F.    COUNT VI. ............................................................18

        G.    COUNT VII. ...........................................................19

        H.    COUNT VIII. ..........................................................20

    VI.    STATE CLAIMS FOR RELIEF...........................................21

        A.    COUNT IX. ............................................................21

        B.    COUNT X. ..............................................................22

        C.    COUNT XI. .............................................................23

D.    COUNT XII.  …………………………………………………..……...24

E.    COUNT XIII.  ………………………………………….....………….......24

F.    COUNT XIV.  ……………………………………………………...25

G.    COUNT XV.  …………………………………………………....26

H.    COUNT XVI.  …………………………………………………....27

I.    COUNT XVII.  …………………………………………………....28

J.    COUNT XVIII.  …………………………………………………29

K.    COUNT XIX.  …………………………………………………...30

VII.    PRAYER FOR RELIEF…………………………………………………...31

VIII.    JURY DEMAND………………………………………………...…32

IX.    GROUP EXHIBIT A  ……………………………………………...……33

X.    GROUP EXHIBIT B  …………………………………………………34

Plaintiff Channette Carpenter, individually and as Special Administrator of the Estate of her unborn child, Baby Carpenter, represented by her attorney, R. Tamara de Silva, respectfully states her Complaint against the Defendants as follows:

## I.   **INTRODUCTION**

1.   This is a civil rights action brought pursuant to 42 U.S.C. § 1983 et. Seq., and 42 U.S.C. § 1985; the Judicial Code, 42 U.S.C. § 1355, 28 U.S.C. §§ 1331 and 1343(a); the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as incorporated and applied to state governments, the Illinois Hate Crimes Act, The Emergency Medical Treatment and Active Labor Act, Illinois common law of torts and the Constitution of the State of Illinois.

2.   The Plaintiff is seeking damages against the Defendants for (1) for depriving Plaintiff while acting under the color of law as Chicago Police Officials and City Officials of rights secured by the Constitution and laws of the United States of America; (2) for the commission of the torts of assault and battery, false imprisonment, the intentional infliction of emotional distress, wrongful death, battery of an unborn child, negligent homicide of the unborn child of Channette Carpenter, the intentional homicide of Baby Carpenter, medical malpractice, loss of society; and (3) for depriving Plaintiff, while acting under the color of law as Chicago

4

Police Officials and City Officials of rights secured by the Constitution of the State of Illinois and the laws of the State of Illinois.

## II.    JURISDICTION AND VENUE

3.    This is a civil action arising under 42 U.S.C. § 1983 et. Seq., and 42 U.S.C. § 1985, and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

4.    This Court has jurisdiction pursuant to the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a) and under the doctrine of pendent jurisdiction.

5.    Venue in this Court is proper pursuant to Judicial Code, 28 U.S.C. § 1391(b) because all defendants reside in this District.

## III.    PARTIES

6.    Plaintiff Channette Carpenter is a United States citizen and a resident of Chicago, Illinois.

7.    Plaintiff Channette Carpenter's unborn child, Baby Carpenter, was in utero at all times relevant to this Complaint and a resident of Chicago, Illinois.

8.    Defendant City of Chicago (the "City") is an Illinois corporation

located within the Northern District of Illinois. The City operates the Chicago Police Department. The City was at all times material to this Complaint and it is the employer and principal of the defendant police officers. Furthermore, the City operates, manages, directs and controls the departments, which employ or employed the defendant police officers.

9.     Cook County is a an Illinois municipality located within the Northern District of Illinois.    Cook County operates Cermak Hospital.

10.    Defendant Chicago Police Officers Lorenz (Star No. 6592), Shea (Star No. 13541), Doris (Star No. 21202), Garcia (Star No. 5529), and Haleem (Star No. 14193) are sworn officers of the Chicago Police Department, who are sued in their individual capacities for actions they took by virtue of their authority as police officers in the City of Chicago acting within the scope of their employment and under color of law (collectively "Defendant Officers" or "Defendants").

11.    Unknown Police Officers who were at all relevant times employed by the City of Chicago and duly appointed police officers in the City of Chicago acting within the scope of their employment and under color of law (also collectively "Defendant Officers" hereafter).

6

12.    Cermak Health Services/Cermak Hospital, is an Illinois corporation run by Cook County and located within the Northern District of Illinois.

## IV.    FACTUAL ALLEGATIONS

13.    Plaintiff Channette Carpenter was pregnant on December 7, 2006.

14.    Plaintiff Channette Carpenter was twenty-three years old on December 7, 2006 and lived with her mother, Jannette Carpenter.

15.    Channette Carpenter is an African American.

16.    Channette Carpenter drove to the District 8 Police Station located at 3420 W. 63rd St. in Chicago, Illinois on the night of December 7, 2007.

17.    Upon her arrival at the Police Station, Channette Carpenter saw Officer Rebecca Garcia ("Garcia") sitting in a Toyota vehicle in front of the Police Station on the opposite side of 63rd St.

18.    Plaintiff Channette Carpenter, approached Garcia, who was parked in a Toyota on or around 3421 W. 63rd St.

19.    Ms. Carpenter tapped on Officer Garcia's driver's side window to get Officer's Garcia's attention and ask Officer Garcia what had transpired during a traffic altercation.

20.   Garcia got out of the Toyota apparently extremely irate and began to strike Channette Carpenter about the head and stomach.

21.   Garcia's actions in striking the Plaintiff were without probable cause or reasonable belief that Plaintiff

22.   Channette Carpenter began to defend herself against Garcia's battery.

23.   Garcia repeatedly and with great force and violence hit and punched Channette Carpenter directing her attacks particularly towards Channette's stomach and abdomen causing numerous bruising and lacerations.

24.   Channette screamed out that she was pregnant, wanting instinctively to protect her stomach area. Channette repeatedly begged Garcia to not hit her stomach shouting, "Don't hit my baby!" and "Don't hit my baby I am pregnant!"

25.   Garcia replied, "well this will take care of that" and "consider this a fucking abortion bitch!" while focusing her punches on Channette's stomach and face.

26.   At one point, Garcia opened her fist and with fingers outstretched hit the center of Channette's stomach with her nails, causing bleeding.

27.   At some point Defendant Officer Mahmoud Haleem ("Haleem") ran across the street and shouted, "get the fuck away from my girlfriend

you bitches!" and drew Channette Carpenter by her neck up off the ground with his forearms.

28. Haleem held Channette up off the ground by her neck while Garcia again continued to strike Channette.

29. At some point very shortly thereafter several unknown Chicago Police Officers grabbed Channette and brought her into the lobby of the Police Station where she was arrested and charged with aggravated battery and resisting arrest.

30. Defendant Police Officers acted without probable cause or reasonable belief that the Plaintiff had committed a criminal act.

31. As Channette was dragged into the police station she repeatedly asked several unknown Defendant Officers whether they were going to arrest Garcia for beating her and punching her in the stomach and abdomen as she was pregnant.

32. Unknown police officers and Defendant Officers taunted Channette Carpenter repeatedly calling her a "fucking bitch" and "you fucking ho."

33. Channette told more than one of the Defendant Officers that she was injured and requested medical treatment. No medical treatment was provided.

34. On December 7, 2006, Channette Carpenter did not assault or batter the Defendant Officers.

35.     On December 7, 2006, Channette Carpenter did not threaten the Defendant Officers.

36.     On December 7, 2006, Channette Carpenter did not provoke the Defendant Officers against her in any manner that justified the use of force against her.

37.     On December 7, 2006, Channette Carpenter did not have a weapon on her person when she was attacked by the Defendant Officers.

38.     Channette Carpenter did not act in a way to cause reasonable belief on the part of the Defendant officers that justified the use of force on their parts towards Channette Carpenter.

39.     On December 7, 2006, Channette Carpenter did not engage in any activity that caused the Defendant Officers to believe that she was going to cause them injury.

40.     On or around December 7, 2007, Channette Carpenter was placed under arrest without probable cause that she had committed a crime or was in the process of committing a crime.

41.     The facts and circumstances within the Defendant Officers' knowledge would not lead reasonable police officers to believe that Channette Carpenter was committing the offense of Aggravated Battery to a Peace Officer.

42.     The Defendant Officers were acting under color of law as members of the Chicago Police Department.

43. Defendant Officers collectively and intentionally violated Channette Carpenter's constitutional right not to be arrested or seized without probable cause and in so doing violated the Fourth Amendment to the Constitution of the United States.

44. Defendant Officers' actions were done with malice and/or reckless indifference to Channette Carpenter's federally protected rights.

45. Defendant Officers actions were intentional, unreasonable, excessive and unsupported by any legal justification.

46. The named Defendant Police Officers and Unknown Defendant Chicago Police Officers conspired and agreed amongst themselves to hide evidence of the beating of Channette Carpenter and to falsely charge Channette Carpenter and Georgette Durr with crimes the Defendant Officers knew they did not commit. In furtherance of this conspiracy, Defendant Officers filled out false and incomplete police reports relative to the arrests and injuries.

47. As a direct and proximate result of the malicious actions of the coconspirators, Channette Carpenter was injured, including the loss of freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of their constitutional rights and dignity and emotional distress.

48. As a direct and proximate result of the beatings and physical and psychological battery inflicted by the Defendant Officers, Channette

11

Carpenter suffered severe physical injuries, acute pain and suffering and emotional distress.

49. Defendant Garcia's violent beating of Channette Carpenter's stomach and abdomen in a stated attempt to cause injury and/or death to Baby Carpenter was objectively unjustified, excessive and conscience shocking.

50. Channette Carpenter was hospitalized for one month at Cermak Hospital for injuries caused as a result of her battery at the hands of Defendant Officers.

51. Channette Carpenter lost her unborn child after her arrest as a direct proximate cause of her battery and injury at the hands of Defendant Officers.

52. Channette Carpenter routinely complained of abdominal pains during the course of her stay at Cermak Hospital.

53. Cermak Health Services did not perform an ultrasound upon Channette Carpenter and Channette Carpenter lost her child.

54. Cermak Hospital did not perform a dilation and curettage ("D&C") upon Channette Carpenter after Channette Carpenter lost Baby Carpenter.

55. It is standard medical practice to perform a D&C after an abortion, mis-abortion or miscarriage.

56.  It is standard medical practice to perform an ultrasound after upon a pregnant woman if there is any reason to suspect harm to an unborn child.

57.  Failure to perform a D&C after a mis-abortion, abortion or miscarriage can lead to loss of fertility, infection and possible loss of life incident to infection.

58.  Channette Carpenter was diagnosed and treated for an infection after her release from Cermak Health Services.

## V.    COUNT 1

## FIRST FEDERAL CLAIM FOR RELIEF-FOURTEENTH AMENDMENT EQUAL PROTECTION

59.  Plaintiff incorporates and realleages paragraphs 1 through 58 as if fully rewritten herein.

60.  Plaintiff asserts Count 1 of this action against the Defendants in their individual capacities. Count I arises under 42 U.S.C. § 1983 et. Seq.

61.  The actions and omissions of the Defendants in seizing Plaintiff, subjecting her to physical beating, abusing her, assaulting, intimidating and humiliating her, were undertaken with the intent to discriminate against Plaintiff on account of Plaintiff's gender, race, and color of her skin, denying Plaintiff of her Fourteenth Amendment right to equal protection under the law.

62.    The actions and omissions of the Defendants were intentional, willful and exhibited a conscious disregard or reckless indifference to Plaintiff's rights.

63.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, emotional and physical injuries, mental trauma, fear, stress, pain and suffering and other damages, some of which are permanent.

## VI.    COUNT II

## SECOND FEDERAL CLAIM FOR RELIEF-FOURTH AND FOURTEENTH AMENDMENTS-EXCESSIVE FORCE

64.    Plaintiff incorporates and realleages paragraphs 1 through 63 as if fully rewritten herein.

65.    Under the totality of circumstances at the time of arrest, Garcia and Haleem and Defendant Officers used greater force than was reasonably necessary to make the arrest of Channette Carpenter.

66.    Defendant Officers had no reasonable belief that such force was proper or necessary.

67.    As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, emotional and physical injuries, mental trauma, fear,

stress, pain and suffering and other damages, some of which are permanent.

## VII.  COUNT III

## THIRD FEDERAL CLAIM FOR RELIEF-FOURTH AND FOURTEENTH AMENDMENTS-UNLAWFUL AND UNREASONABLE SEIZURE AND DENTENTION

68.  Plaintiff incorporates and realleages paragraphs 1 through 67 as if fully rewritten herein.

69.  As described above, Defendant Officers seized and detained Plaintiff without probable cause or legal justification.

70.  Defendant Officers actions were not based on reasonable belief that Plaintiff had committed a criminal act.

71.  As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, emotional and physical injuries, mental trauma, fear, stress, pain and suffering and other damages, some of which are permanent.

## VIII.   COUNT IV.

## FOURTH FEDERAL CLAIM FOR RELIEF-42 U.S.C. § 1983 – CONSCIENCE SHOCKING BEHAVIOR

72.   Plaintiff incorporates and realleages paragraphs 1 through 71 as if fully rewritten herein.

73.   As described above, the Defendant Officers exhibited conscience shocking and deliberately indifferent behavior during the battery and subsequent arrest and detention of Channette Carpenter.

74.   Defendant Officers actions were without probable cause or reasonable belief that Plaintiff had committed a criminal act.

75.   Defendant Officers' actions involved more force than was proper or necessary.

76.   The misconduct was undertaken by Defendant Officers under color of law, within the course and scope of their employment, was objectively unreasonable, performed with malice and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

77.   The Defendant Officers' acts were undertaken in violation of the Plaintiff's Fourteenth Amendment rights of the United States Constitution.

78.   As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, emotional and physical injuries, mental trauma, fear,

stress, humiliation, pain and suffering and other damages, some of which are permanent.

## VII.   COUNT V.

## FIFTH FEDERAL CLAIM FOR RELIEF-42 U.S.C. § 1983 – CONSPIRACY TO DEPRIVE PLAINTIFF OF CONSTITUTIONAL RIGHTS

79.    Plaintiff incorporates and realleages paragraphs 1 through 78 as if fully rewritten herein.

80.    Defendant Officers' actions were without probable cause or reasonable belief that Plaintiff had committed a criminal act.

81.    Defendant Officers' use of force was not proper or necessary.

82.    Individual Defendants and Defendant Officers acting together and under the color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive Plaintiff of her Constitutional rights, and to deprive her of said rights, including her right to be free from unlawful and unreasonable arrest, detention and her right to due process of law, as protected by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

83.    In furtherance of their conspiracy or conspiracies, the Defendant Officers

and individual Defendants committed the overt acts set forth above,

including but not limited to, the unreasonable arrest, charging, detention, imprisonment and prosecution, without probable cause, the filing of false and incomplete police reports, the making of false and incomplete statements, and the cover-up of their misconduct.

84.    As a direct and proximate result of said conspiracy or conspiracies and overt acts, Plaintiff has suffered and continues to suffer, emotional and physical injuries, mental trauma, fear, stress, humiliation, pain and suffering and other damages, some of which are permanent.

## VIII.  COUNT VI.

## SIXTH FEDERAL CLAIM FOR RELIEF-42 U.S.C. § 1983 – EXCESSIVE FORCE-WRONGFUL DEATH

85.    Plaintiff incorporates and realleages paragraphs 1 through 84 as if fully rewritten herein.

86.    Under the totality of circumstances at the time of arrest, Garcia and Haleem and Defendant Officers used greater force than was reasonably necessary to make the arrest of Channette Carpenter.

87.    Individual Officers and Defendants in physically abusing Channette Carpenter and in being aware of the abuse but failing to intervene to stop the abuse and use of excessive force, participated in the application of

excessive force by allowing it to continue while having an obligation and duty to stop it, and by failing to report the abuse to superiors in the Chicago Police Department and the State's Attorney's Office.

88.     The actions of the Defendants, individually, jointly and in conspiracy in using unlawful, unreasonable and excessive force in arresting Plaintiff and in physically abusing and injuring Plaintiff and/or failing to stop or prevent the physical abuse and excessive force against Plaintiff while having an opportunity to do so, were the direct and proximate cause of the wrongful death of Baby Carpenter.


## IX.    COUNT VII.

## SEVENTH FEDERAL CLAIM FOR RELIEF-42 U.S.C. § 1985-CONSPIRACY CLAIM


89.     Plaintiff incorporates and realleages paragraphs 1 through 88 as if fully rewritten herein.

90.     Defendants acting together and under color of law, reached an understanding and agreement, engaged in a course of conduct and otherwise conspired among and between themselves to deprive Plaintiff of her Constitutional rights, including the Fourth Amendment right to be free from unreasonable arrest, detention and to be free of the use of unreasonable and excessive force, and the Fourteenth Amendment right to

the equal protection of the laws, in violation of Plaintiff's Constitutional rights and 42 U.S.C. § 1985.

91.     In furtherance of this conspiracy or conspiracies, the Defendants, motivated by racial animus, committed the overt acts set forth in the Factual Allegations above, including but not limited to, the unreasonable seizure, the arrest, charging, detaining, imprisonment, filing of false and incomplete police reports, the making of false statements and testimony, the use of unreasonable and excessive force, the subsequent cover-up of the Defendant Officers' activities by the Chicago Police Department, the City of Chicago and the County of Cook.

92.     Said conspiracy or conspiracies and overt acts commenced on December 7, 2006 and continued through the date of this filing, and caused the violations stated above and further caused Plaintiff to suffer, emotional and physical injuries, mental trauma, fear, stress, humiliation, pain and suffering and other damages, some of which are permanent.

## X.    COUNT VIII.

**EIGHTH FEDERAL CLAIM FOR RELIEF-42 U.S.C. § 1983-LOSS OF SOCIETY**

93.     Plaintiff incorporates and realleages paragraphs 1 through 92 as if fully rewritten herein.

94.    As a direct and proximate cause of the actions of Defendants, Plaintiff Channette Carpenter has irrevocably lost the love, comfort, companionship and society of Baby Carpenter.

95.    As a result of this loss of society and companionship, Channette Carpenter suffers depressions, loss of sleep, mental anguish, nightmares, flashbacks and profound emotional injury.

## XI.    COUNT IX.

## FIRST STATE CLAIM FOR RELIEF-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO

96.    Plaintiff incorporates and realleages paragraphs 1 through 95 as if fully rewritten herein.

97.    The above-detailed conduct by the Defendants was outrageous, exceeding all bounds of human decency.

98.    Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the Plaintiff or with knowledge that there existed a high probability that their conduct would cause such distress.

99.    As a direct and proximate result of this conduct, the Plaintiff Channette Carpenter did in fact suffer severe emotional distress, resulting in injury to her mind, her body, her unborn child, her nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, phobias and flashbacks.

100.   As of the filing of this Complaint, the Plaintiff continues to suffer from the above-detailed injuries caused by the extreme and outrageous conduct of the Defendants.

101.   The City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and in the employ of the City of Chicago, and while acting within the scope of their employment and under color of law.

## XII.    COUNT X.

**SECOND STATE CLAIM FOR RELIEF-ILLINOIS HATE CRIME STATUTE (720 ILCS 5/12-7.1)**

102.   Plaintiff incorporates and realleages paragraphs 1 through 101 as if fully rewritten herein.

103.   Plaintiff asserts Count XIII of this Complaint, arising under the private right of action included in the Illinois Hate Crimes Statute, against the

Defendant Officers and their employer, the City of Chicago. This Court has jurisdiction of this claim pursuant to Judicial Code, 28 U.S.C. § 1367.

104.    The Defendants battery, assault and battery of an unborn child, as set forth more fully above, were intentional, willful, wanton, malicious and motivated in whole or in part by the Plaintiff's gender, race, color and ancestry, in violation of the Illinois Hate Crimes Statute.

## XIII.    COUNT XI.

## THIRD STATE CLAIM FOR RELIEF-ILLINOIS BATTERY CLAIM AGAINST DEFENDANT OFFICERS AND AGAINST COOK COUNTY , AS INDEMNITOR

105.    Plaintiff incorporates and realleages paragraphs 1 through 104 as if fully rewritten herein.

106.    The actions of Defendant Officers in physically abusing Plaintiff Channette Carpenter, directly and proximately caused the injuries and damages to Plaintiff, including but not limited to the sprains, bruises and contusions on her body as claimed above and constitute the tort of battery under the laws of the State of Illinois.

## XIV.  COUNT XII.

# FOURTH STATE CLAIM FOR RELIEF-FALSE IMPRISONMENT UNDER STATE LAW AGAINST DEFENDANT OFFICERS AND CITY OF CHICAGO

107.   Plaintiff incorporates and realleages paragraphs 1 through 106 as if fully rewritten herein.

108.   The unknown Defendant police officers, Defendant Officers and the Chicago Police Department detained and imprisoned the Plaintiff falsely, wrongfully and without reasonable cause.

109.   Defendants acted willfully, maliciously and in wanton disregard for Plaintiff's rights.

110.   As a direct and proximate result of the actions alleged herein, Plaintiff has suffered damages and irreparable injury.

## XV.  COUNT XIII.

# FIFTH STATE CLAIM FOR RELIEF-VIOLATION OF ILLINOIS CONSTITUTION BY THE CITY OF CHICAGO AND DEFENDANT OFFICERS BOTH KNOWN AND UNKNOWN

111.   Plaintiff incorporates and realleages paragraphs 1 through 110 as if fully rewritten herein.

112.    The actions taken by Defendant Officers, the Chicago Police Department and its unknown agents and officers and the City of Chicago denied Plaintiff's state Constitutional rights to be secure in her person; to be free from unreasonable seizure; to due process of law and equal protection of the laws, as provided by the Constitution of the State of Illinois, Article 1, Sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff's injuries as set forth above.

## XVI.    COUNT XIV.

## SIXTH STATE CLAIM FOR RELIEF- INTENTIONAL HOMOCIDE OF AN UNBORN CHILD AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO

113.    Plaintiff incorporates and realleages paragraphs 1 through 112 as if fully rewritten herein.

114.    The willful, wanton and malicious actions of Defendant Officers in physically abusing Plaintiff Channette Carpenter, directly and proximately caused the death of Baby Carpenter and constitute the tort of the intentional homicide of an unborn child under the laws of the State of Illinois.

115.    The above-detailed conduct by the Defendants was outrageous, exceeding all bounds of human decency.

116.    Defendants performed the acts detailed above with the intent of causing the death of Baby Carpenter or with knowledge that there existed a high probability that their conduct would cause such death.

117.    The City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and in the employ of the City of Chicago, and while acting within the scope of their employment and under color of law.

## XVII.  COUNT XV.

## SEVENTH STATE CLAIM FOR RELIEF- NEGLIGENT HOMOCIDE OF AN UNBORN CHILD AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO

118.    Plaintiff incorporates and realleages paragraphs 1 through 117 as if fully rewritten herein.

119.    The above-detailed conduct by the Defendants was outrageous, exceeding all bounds of human decency.

120.    Defendants performed the acts detailed above with knowledge that there existed a high probability that their conduct would cause such death.

121.    Defendants knew or should have known that their conduct would likely cause the death of Baby Carpenter.

122.    Defendants' actions and omissions constituted a reckless disregard for the consequences their actions and omissions would have on Plaintiff's unborn child.

123.    The City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and in the employ of the City of Chicago, and while acting within the scope of their employment and under color of law.

## XVIII. COUNT XVI.

## EIGHTH STATE CLAIM FOR RELIEF- BATTERY OF AN UNBORN CHILD AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO

124.    Plaintiff incorporates and realleages paragraphs 1 through 123 as if fully rewritten herein.

125.    The actions of Defendant Officers in physically abusing Plaintiff Channette Carpenter while she was pregnant with Baby Carpenter were concurrently and at once the infliction of physical abuse upon Baby Carpenter.

126.    The physical abuse described above directly and proximately caused injuries and damages to Baby Carpenter.

127.    The actions described above constitute the tort of battery upon an unborn child under the laws of the State of Illinois.

## XIX.    COUNT XVII.

## NINTH STATE CLAIM FOR RELIEF-NEGLIGENT CARE AGAINST DEFENDANT CERMAK HOSPITAL AND THE CITY OF CHICAGO AND COOK COUNTY AS INDEMNITORS

128.    Plaintiff incorporates and realleages paragraphs 1 through 127 as if fully rewritten herein.

129.    Cermak Hospital did not perform a D&C upon Channette Carpenter during the course of her stay at Cermak Hospital.

130.    The failure of Cermak Hospital to perform said D&C constituted a negligent standard of care.

131.    Defendants' actions and omissions constituted a reckless disregard for Channette Carpenter's health.

132.    As a direct and proximate result of Defendant's actions and omissions above, the Plaintiff sustained an untreated infection for a longer period of

time than would have been necessary had Plaintiff received proper medical care through Cermak Hospital.

133.   Please see Group Exhibits A and B

## XX.   COUNT XVIII.

## TENTH STATE CLAIM FOR RELIEF-LOSS OF CHILD'S SOCIETY AND COMPANIONSHIP

134.   Plaintiff incorporates and realleages paragraphs 1 through 133 as if fully rewritten herein.

135.   As a direct and proximate cause of the actions of Defendants, Plaintiff Channette Carpenter has irrevocably lost the love, comfort, companionship and society of Baby Carpenter.

136.   As a result of this loss of society and companionship, Channette Carpenter suffers depressions, loss of sleep, mental anguish, nightmares, flashbacks and profound emotional injury.

### XXI.    COUNT XIX.

**ELEVENTH STATE CLAIM FOR RELIEF- NEGLIGENT CARE AGAINST DEFENDANT CERMAK HOSPITAL AND THE CITY OF CHICAGO AND COOK COUNTY AS INDEMNITORS**

137.    Plaintiff incorporates and realleages paragraphs 1 through 136 as if fully rewritten herein.

138.    Cermak Hospital did not perform an ultrasound upon Channette Carpenter during the course of her stay at Cermak Hospital.

139.    The failure of Cermak Hospital to perform an ultrasound to inquire into the status and health of Baby Carpenter constituted a negligent standard of care.

140.    Defendants' actions and omissions constituted a reckless disregard for Channette Carpenter's health and that of Baby Carpenter.

141.    As a direct and proximate result of Defendant's actions and omissions above, Baby Carpenter was not treated and did not receive proper medical care through Cermak Hospital.

142.    Please see Group Exhibits A and B

## XXII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.    Enter judgment for the Plaintiff and against the Defendants for the stated violations of 42 U.S.C. § 1983 et. Seq., and 42 U.S.C. § 1985; the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as incorporated and applied to state governments, the Illinois Hate Crimes Act, Illinois common law of torts and the Constitution of the State of Illinois.

B.    Award Plaintiff reasonable attorney fees and cost of suit;

C.    Award Plaintiff compensatory and punitive damages; and

D.    Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

December 7, 2007

R. Tamara de Silva
Attorney # 6244445
[Attorney for the Plaintiff]
39 South LaSalle St., Suite 1400
Chicago, Illinois 60603
(312) 915-0076

## XXV.  <u>JURY DEMAND</u>

Plaintiff demands a jury to hear and decide all issues of fact.

Respectfully submitted, December 7, 2007

R. Tamara de Silva

Attorney # 6244445

[Attorney for the Plaintiff]

39 South LaSalle St., Suite 1400

Chicago, Illinois 60603

(312) 915-0076

GROUP EXHIBIT A

# LAW OFFICE OF R. TAMARA DE SILVA

39 SOUTH LASALLE STREET
SUITE 1400
CHICAGO, ILLINOIS 60603
DEFENSELAWYER@MAC.COM

OFFICE
312-332-7374
312-915-0076

**AFFIDAVIT**

FACSIMILE
312-573-1822

I, R. Tamara de Silva, an attorney licensed to practice law in the State of Illinois, depose and state the following:

1.  I have reviewed the facts of this case with a health professional, Dr. William B. Evans (whose report is attached as Exhibit B).

2.  I chose Dr. Evans because I believe him to be qualified in internal medicine and knowledgeable in the relevant issues involved in this case, specifically the fact that Cermak Health Services did not perform an ultrasound or a dilution and curettage.

3.  It is my understanding and belief that Dr. Evans has practiced medicine for at least twenty-five years and is Board Certified.

4.  It is my further understanding and belief that Dr. Evans is knowledgeable about reading hospital records and about the practice of internal medicine.

5.  Dr. Evans has written a report, attached as Exhibit B, stating that in his opinion there is a reasonable and meritorious basis for filing two counts of medical malpractice against Cermak Health Services and its doctors that treated the Plaintiff.

6.  After consulting with Dr. Evans and upon the basis of Dr. Evan's report, I believe there is a reasonable and meritorious basis for filing the present action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7TH DAY OF DECEMBER, 2007.

**R. Tamara de Silva, (Attorney for Plaintiff)**
**Attorney #6244445**
**39 South LaSalle St., Suite 1400**
**Chicago, Illinois 60603**
**(312) 915 - 0076**

GROUP EXHIBIT B

# William B. Evans, M.D.

Internal Medicine & Nephrology

December 6, 2007

Ms. R. Tamara De Silva
39 South LaSalle Street, Suite 1400
Chicago, IL 60603

RE: CHANNETTE CARPENTER

Dear Ms. Tamara De Silva:

I am a Board Certified Internist and Nephrologist practicing in the Chicago area for more that 25 years. I am experienced in handling common internal medicine problems including common gynecological problems, and I am qualified to review medical charts.

I have examined the records that you sent me on the patient Channette Carpenter from the Cermack Health Services in late 2006. The patient apparently had been placed on a prenatal unit when she first came into the Cook County prison facility. There is an indication in the chart that a pregnancy test was positive in November 2006. By early December, the patient started to have problems with bleeding, and the pregnancy tests were no longer positive. No workup was done though to ascertain whether she truly was pregnant, and if so, what the fetal age was, and what sort of obstetrical care was indicated. Likewise, after she had vaginal bleeding, and the test became negative for pregnancy, no workup was done to make sure the diagnosis was correct, that the uterus had been completely evacuated, and that there were no other acute medical problems that might have triggered a miscarriage.

The failure to carry out this type of workup is below the standard of care. I believe that the suit that you are filing therefor is meritorious.

Sincerely yours,

William B. Evans, M.D.

WBE:csc

| Ingalls Family Care Center | South Suburban Professional | St. Francis Pavilion | Ingalls Family Care Center |
|---|---|---|---|
| 4647 W. Lincoln Highway | Office Building | 2310 York Street | 6703 W. 159th St. |
| Matteson, Illinois 60443 | 17850 S. Kedzie Avenue | Suite 2C | Suite 115 |
| | Suite 3200 | Blue Island, Illinois 60406 | Tinley Park, Illinois 60477 |
| | Hazel Crest, Illinois 60429 | | |

One telephone number serves all locations: 708.481.4200
Fax: 708.481.3302