UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

CHANNETTE CARPENTER, individually,
And as Special Administrator of the Estate
Of baby Carpenter (deceased)

       Plaintiff,                           07 C 6918

V.

THE CITY OF CHICAGO et. al.           Judge Virginia M. Kendall

       Defendants

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COUNTY OF COOK'S MOTION TO STRIKE AND OR DISMISS PLAINTIFF'S COMPLAINT

NOW COMES Defendant, COUNTY OF COOK, by its attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, Andrew J. Creighton and pursuant to Rule 12(b)(6) and Rule 12 (f) of the Federal Rules of Civil Procedure moves this Honorable Court to Strike and or Dismiss Plaintiff's Complaint for the following reasons:

I

### THE COMPLAINT IS SO VAGUE AND AMBIGIOUS THAT THE DEFENDANT CANNOT REASONABLY BE REQUIRED TO PROVIDE A RESPONSIVE PLEADING

The complaint contains confusing and inconsistent dates. Some of the paragraphs refer to events on December 7, 2006. Then subsequent paragraphs refer to events on December 7, 2007, which was the date the complaint herein was filed. (For example compare paragraphs 13 and 14 referring to December 7, 2006 and paragraph 16 referring to December 7, 2007). Furthermore, there are federal civil rights allegations of police beatings by the City defendants blurred and confused in the same sprawling "factual allegations" with state medical malpractice claims against the County. (See Count XI, page 23, Count XVII, page 28, and Count XVIII, page 29).

II

AS A MATTER OF LAW, COOK COUNTY IS NOT AN INDEMNITER OF CHICAGO POLICE OFFICERS.

Count XI at page 23 of plaintiff's Complaint alleges without support that somehow Cook County is an indemniter of Chicago Police Officers. Cook County is an Illinois County existing pursuant to Article VII of the Constitution of the State of Illinois.  The County has no legal relationship to the City of Chicago which is its own independently existing municipal corporation. As such, Cook County as matter of law is not an indemniter of City of Chicago police officers.

III

THE STATE LAW CLAIM FOR MEDICAL MALPRACTICE AGAINST COOK COUNTY SHOULD BE DISMISSED BECAUSE IT IS NOT A PROPER PENDENT CLAIM.

The Plaintiff asserts federal jurisdiction against the City of Chicago and certain of its Police Officers for civil rights violations allegedly based on excessive force during an arrest. Regarding Cook County, the Complaint only alleges state medical malpractice claims regarding the Plaintiff's obstetrical and gynecological medical care while at Cook County Jail.  The subsequent medical claims do not arise out of the same common nucleus of operative facts and are not proper for pendent federal jurisdiction, *Serrano-Moran v Gaztambide*, 195 F.3d 68 (1st Cir.1999), *Huffman v. Hains,* 865 F.2d 920 (7th Cir. 1989).

IV

THE STATE LAW MEDICAL MALPRACTICE CLAIM SHOULD BE DISMISSED BECAUSE THE PHYSICIAN'S REPORT ATTACHED TO THE COMPLAINT IS DEFICIENT AS A MATTER OF LAW

As Plaintiff's state law claims rest in medical malpractice, she was required to file a report meeting the requirements of 735 ILCS 5/2-622. The Complaint alleges medical malpractice for the failure to provide obstetrical and gynecological care namely, failure to perform a "D & C" and/or ultrasound on the Plaintiff. These are clearly obstetrical/gynecological issues. The Plaintiff's 622 report was provided by a physician board certified only in internal medical and kidney disease (nephrology). There are no facts presented in the report that demonstrate that this physician is in anyway qualified to render opinions on obstetrical and gynecological medical issues. Therefore the 622 report is inadequate as a matter of law and should be stricken, and these Counts of the Complaint dismissed, *Hubbard v. Sherman Hospital,* 292 Ill. App. 3d 148, 685 N.E.2d 648 (2nd Dist. 1997), (physician not qualified to offer opinions regarding emergency room doctors because the witness had only a limited experience in emergency room care.)

**V**
**PUNITIVE DAMAGES ARE NOT RECOVERABLE AGAINST COOK COUNTY AS A MATTER OF LAW**

In Count XXII, page 31 of the Complaint, Plaintiff seeks punitive damages against Cook County. A County cannot be held liable for punitive damages, *Smith v. County of Racine,* 2007 U.S. Dist. LEXIS 65235 (U.S. Dist. Court, Eastern Dist. of Wisconsin 2007), *City of Newport v. Fact Concerts Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981).

WHEREFORE for all of the above reasons, Defendant County of Cook prays that Plaintiff's Complaint be stricken or dismissed.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:/s  Andrew J. Creighton
      Andrew J. Creighton
      Assistant State's Attorney
      Medical Litigation Unit
      301 Richard J. Daley Center
      Chicago, Illinois  60602
      (312) 603-5111