UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

| | |
|---|---|
| CHANNETTE CARPENTER, Individually, )<br>And as Special Administrator of the )<br>Estate of Baby Carpenter (deceased) )<br>                                         )<br>         Plaintiff,                      )<br>                                         )<br>v.                                       )<br>                                         )<br>THE CITY OF CHICAGO, et. Al.             )<br>                                         )<br>         Defendants.                     ) | Case No. 1:07-cv-06918<br>Honorable<br>Judge Virginia M. Kendall |

**PLAINTIFF'S MEMORANDUM OF POINTS AND LAW IN OPPOSITION TO DEFENDANT COUNTY OF COOK'S MOTION TO STRIKE AND/OR DISMISS PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, Channette Carpenter by and through her attorney, R. Tamara de Silva and submits this Memorandum of Points and Law in Opposition to Defendant's Motion to Strike and/or Dismiss Plaintiff's Complaint (hereinafter termed, "Defendant's Motion") under Federal Rule of Civil Procedure Rule 12(b)(6) and Rule 12(f). Plaintiff opposes Defendant's Motion on the following bases:

1) Defendant has misinterpreted and misunderstood the legal standards required to succeed in a Rule 12(b)(6) motion;

2) Defendant's cited cases in paragraph sections III and IV in support of Defendant's motion to dismiss have been distinguished or superceded by subsequent case law; and

3) The Defendant has failed to satisfy the required elements necessary to succeed in a Rule 12(b)(6) motion to dismiss and/or strike.

Based upon the foregoing, Plaintiff respectfully requests the Court deny Defendant's Motion and award Plaintiff its costs and fees incurred in filing this opposition brief.

### I.   Legal Analysis of Paragraph I of Defendant's Motion to Dismiss

In order for Defendant, County of Cook to prevail in its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), it must show beyond doubt that the Plaintiff can prove no set of facts in support of Plaintiff's claim that would entitle the Plaintiff to relief.  *Sec'y of State for Defence v. Trimble Navigation, Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007)

Consideration of the facts as plead strictly within the four corners of Plaintiff's Complaint and specifically within Counts XVII and XIX of Plaintiff's Complaint defeats the Defendant's motion to dismiss.  The Plaintiff's Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8.  Counts XVII and XIX each contain a short and plain statement of Plaintiff's claims upon which the Plaintiff prays for relief.

In the case of *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Supreme Court of the United States held that the Federal Rules of Civil Procedure, "do not require a claimant to set out in detail the facts upon which he bases his claim."  Plaintiff in this case, is not required to plead evidence.  *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 626-27 (7th Cir. 1999).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should, "accept as true all well-plead allegations and view the complaint in the light most favorable to the plaintiff." *Sec'y of State for Defence v. Trimble*

*Navigation, Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007), quoting *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

The civil rights violations and torts alleged in Plaintiff's Complaint, resulting from the actions and inactions of the Defendants and the consequences resulting thereof, constitute a single transaction with consequences and injuries reaching to the Plaintiff like the tentacled arms arising from an octopus.

The Plaintiff's statement of facts reasonably apprises the Defendant, County of Cook, of the claims and damages asserted against it by the Plaintiff. Moreover, the Plaintiff's claims against Defendant County of Cook have been alleged with the "particularity" sufficient to satisfy Federal Rule of Civil Procedure 9(b).

There is no legal merit in Defendant's attempt to use Rule 12(b)(6) in challenging the factual specificity of Plaintiff's Complaint. The appropriate question under Federal Rule of Civil Procedure 12(b)(6) is whether the Court can say beyond a reasonable doubt that no conceivable set of facts could be proven which would entitle the Plaintiff to relief. "Dismissal for failure to state a claim is proper only where the court is convinced, beyond a reasonable doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001). "In other words, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3rd 850, 854 (7th Cir. 1999).

None of the allegations presented in Paragraph I of Defendant's Motion are sufficient to support dismissal under the legal standards applicable under the Federal Rule

of Civil Procedure 12(b)(6). Therefore, Defendant's Motion must be denied.

## II. Legal Analysis of Paragraph III

The test for whether there is pendent claim jurisdiction over a state law claim in Federal Court is the question of whether "the state and federal claims…derive from a common nucleus of operative fact," and the claims under state law and Federal law are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 725, 86 S.Ct. at 1138. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct.2413, 49 L. Ed. 2d 276, 22 Fed. R. Serc. 2d 1 (1976)

In *Whirl v. Kern* (1968, CA5 Tex) 407 F2d 781, cert den 396 US 901, 24 L Ed 2d 177, 90 S Ct 210, the Court stated that the plaintiff's state law claims for false imprisonment and for violation of his civil rights arose out of a common nucleus of operative fact. Under such circumstances, the court declared, unless it can be said that the federal claim involved was frivolous or clearly foreclosed by prior Supreme Court decisions, the strong and practical policies that were the foundation for the doctrine of pendent jurisdiction doctrine required that a state cause of action be determined by a Federal forum.

Multiple claims based on the same common nucleus of operative facts form part of the same case in controversy and constitute the very basis for pendent jurisdiction over state claims in Federal Court.

In Defendant's Motion, Defendant County of Cook cites two cases toward his contention that the established principle conferring pendent claim jurisdiction over state law claims arising from the same nucleus of operative fact in Federal Court does not

apply to the instant case.

However, Defendant's reliance on both cases is misplaced. Infact, both cases are materially distinguishable and irrelevant to the present case. In *Serrano-Moran v. Gaztambide*, 195 F.3d 68 (1st Cir.1999), the trial court dismissed the state law medical malpractice claims because; 1) there were two separate sets of facts alleged to have caused civil rights injuries and the medical malpractice claims, and 2) there was a clear temporal break between the two sets of facts.

In the present case, the Plaintiff's medical injuries began at the same moment she was assaulted by the Defendant Police Officers. Not only is there no temporal break in the present case- there is only one set of facts which give rise to all Plaintiff's claims. All of Plaintiff's claims arise from one transaction.

Defendant County of Cook mysteriously includes a citation to *Huffman v. Hains*, 865 F.2d 920 (7th Cir. 1989). In *Huffman*, the trial court declined to exercise pendent party jurisdiction after all the Federal claims in the suit were dismissed and the statute of limitations had run on the plaintiff's state law medical malpractice claims. In the present case, the issue of pendent party jurisdiction is not an issue at all.

None of the assertions or legal authorities presented in Paragraph III of Defendant's Motion are sufficient to support dismissal under the legal standards applicable under the Federal Rule of Civil Procedure 12(b)(6). Therefore, Defendant's Motion must be denied.

### III.　Legal Analysis of Paragraph IV

Defendant County of Cook's assertion that the physician's report attached to Plaintiff's Complaint is deficient as a matter of law represents a misstatement of the legal

5

standard for physician's affidavits of merit required under current Illinois law as stated in 735 ILCS 5/2-622.

Defendant's Motion cites a case, <u>Hubbard v. Sherman Hospital</u>, 292 Ill.App.3d 148, 685 N.E.2d 648 (2nd Dist.1997), which has been subsequently distinguished by <u>Ayala v. Murad</u>, 367 Ill.App.3d 591, 855 N.E.2d 261, 305 Ill.Dec.370 (2006).  The Appellate Court of Illinois in <u>Ayala v. Murad</u> held that,

> "whether medical malpractice plaintiff's medical expert is qualified to testify is not dependent on whether he is a member of the same specialty or subspecialty as the defendant, but, rather, whether the allegations of negligence concern matters within his knowledge and observation." <u>Id</u>. at 377.

The physician's report of Dr. William B. Evans, attached as Group Exhibit B to the Plaintiff's Complaint is from a Board Certified Internist and Nephrologist, who has practiced in the Chicagoland area for over twenty-five years.  As stated in his affidavit, Dr. Evans is experienced and has knowledge of common internal medical problems including the gynecological problems experienced by the Plaintiff in the present case. The Plaintiff's use of Dr. Evans meets the standard for a physician's affidavit of merit necessitated by 735 ILCS 5/2-622.

Assuming *arguendo* that Defendant, Cook County disagrees with the expertise of Dr. Evans, Defendant should have the opportunity to raise this argument at trial as an argument properly addressing the weight of Dr. Evan's testimony compared to the testimony of putative physicians the Defendant may believe should be given more relative weight.

The Illinois Appellate Court has held in <u>Long v. Matthew</u> 336 Ill.App.3d 595, 783 N.E.2d 1076 (2003) that,

> "Whether the expert is qualified to testify is not dependent on whether he is a member of the same specialty but, rather, whether the allegations concern matters within his knowledge and observation. Citing <u>Silverstein v. Brander</u>, 317 Ill.App.3d 1000, 1006, 251 Ill.Dec.276, 740 N.E.2d at 362, citing <u>Jones v. O'Young</u>, 154 Ill.2d 39, 43, 180 Ill.Dec.330, 607 N.E.2d, at 226. Further, a physician licensed to practice is qualified to practice medicine in all its branches, for purposes of the statutory requirement that a medical malpractice plaintiff attach to his complaint an affidavit declaring a qualified health-care professional has determined there is reasonable and meritorious cause for filing his action. <u>Ingold v. Irwin</u>, 302 Ill.App.3d 378, 384, 235 Ill.Dec.522, 705 N.E.2d 135, 140 (1998)."

Indeed in the majority of cases subsequent to <u>Hubbard</u>, courts have held that otherwise qualified physicians or surgeons are not incompetent to testify as experts merely because they are not specialists in the particular branch or specialty of their profession involved in the case in which they are testifying.

The fact that a medical doctor may for the purposes of 735 ILCS 5/2-622 offer testimony about the standard of care given by a doctor in another specialty or branch of medicine pertains to the weight of such testimony and not its admissibility. <u>Gill v. Foster</u>, 157 Ill.2d 304, 193 Ill.Dec.157, 626 N.E.2d 190 (1993).

In the present case, the Plaintiff's subpoenas have not yet been productive and the specialty, if any, of the physician(s) who treated or attended upon the Plaintiff has not yet been determined. At the present moment, it is unproductive to argue that Dr. Evans has a different specialty than the presently unidentified physicians at Cermak Health Services because this simply assumes facts not yet in evidence before the Court.

None of the assertions or legal authorities presented in Paragraph IV of

Defendant's Motion are sufficient to support dismissal under the legal standards required of the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Therefore, Defendant's Motion must be denied.

### IV.    Conclusion

Defendant, County of Cook has not met its burden to prevail in its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Therefore, Plaintiff respectfully prays that this Honorable Court wholly deny Paragraphs I, III and IV of Defendant's Motion.

Respectfully submitted,

**s/R. Tamara de Silva**
**Attorney #6244445**
**39 South LaSalle St., Suite 1400**
**Chicago, Illinois 60603**
**(312) 915-0076**