IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANNETTE CARPENTER, Individually, and as Special Administrator of the Estate of Baby Carpenter (deceased), | ) ) ) ) | |
| Plaintiff, | ) ) | 07 C 6918 |
| v. | ) ) | Judge Kendall |
| THE CITY OF CHICAGO, et. al. | ) ) | Magistrate Judge Brown |
| Defendants. | ) ) | |

## MOTION TO STAY PROCEEDINGS

Defendants Chicago Police Officers Paul M. Lorenz, Matthew D. Shea, Dominick Doris, Rebecca Garcia, and Mahmoud Haleem (the "Individual Officers"), by their attorneys, Thomas J. Platt and Marc J. Boxerman, Assistant Corporations Counsel, respectfully request that this court stay the proceedings in this case until a final disposition is entered in Channette Carpenter's related felony criminal proceedings pending in the Circuit Court of Cook County, Criminal Division. In support of this motion, the Individual Officers state as follows:

1.      Channette Carpenter ("Carpenter") filed her complaint in this matter on December 7, 2007, and her amended complaint on February 14, 2008.

2.      This suit arises from an altercation Carpenter had with two of the Individual Officers outside the Eighth District police station located at 3420 W. 63rd Street.  Carpenter alleges Officer Rebecca Garcia struck her without probable cause or reasonable belief that Carpenter was committing or about to commit a criminal act.  *See* Amended Complaint at 9 ¶ 21. Carpenter further alleges that Officer Mahmoud Haleem grabbed Carpenter by the neck and held her while Officer Garcia continued to strike her.  *See id.* at 9-10 ¶¶ 27-28.  According to the

Amended Complaint, other officers then took hold of Carpenter and brought her into the police station, where she was arrested and charged with aggravated battery and resisting arrest. *See id.* at 10 ¶ 29. Carpenter alleges that the officers lacked probable cause to arrest her. *See id.* at 10 ¶ 30.

      3.      Carpenter further alleges that she was pregnant at the time of this altercation and that as a result of the blows she claims she received during this fight as well as allegedly negligent care she received at Cermak Hospital, she suffered a miscarriage. *See* Amended Complaint at 9 ¶¶ 23-25, 13 ¶¶ 49-54.

      4.      The Amended Complaint seeks relief in 20 counts against the City of Chicago, the Individual Officers, other unknown officers, Cermak Hospital and unknown doctors employed there, and Cook County. For purposes of this motion, the most relevant counts are federal claims of excessive force (Counts II, IV and VI), and false arrest/unlawful detention (Counts III and IV), conspiracy to effect a false arrest/unlawful detention and to use excessive force (Counts V and VII), as well as pendant state law claims of battery (Count XII), false imprisonment (Count XIII), and violations of the Illinois constitution (Count XVIII).

      5.      As a result of this incident, Carpenter was charged with four counts of aggravated battery and one count of resisting arrest. *See* Exhibit A at 1. This state criminal matter, *People v. Channette Carpenter*, 07 CR 0005101 is still pending; Carpenter's case has been continued to April 1, 2008. *See id.* at 10.

      6.      Resolution of the criminal case will in all practicality reduce the number of issues to be litigated in this matter. If Carpenter is convicted of any of the criminal violations with which she has been charged, her claims of false arrest and false imprisonment will no longer be at issue in this civil case. *See, e.g., Guenther v. Holmgreen*, 738 F.2d 879, 888 (7th Cir. 1984)

2

("[A] state court's finding that the arrest was legal – *i.e.*, supported by probable cause – would foreclose a § 1983 claim that the arresting officer acted in bad faith."). Likewise, a conviction for resisting arrest will have a direct bearing on Carpenter's civil claims regarding unlawful use of force and battery.

7. Because the outcome of the state criminal proceedings will have a direct impact on claims Carpenter raises in this civil action, this matter should be stayed until the state criminal proceedings are terminated. The Supreme Court has acknowledged the prudence of a stay in such cases. Addressing a case where the criminal defendant sought civil redress for false arrest before resolution of the related criminal case, the Court noted: "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, *and in accord with common practice*, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007) (emphasis added).

8. Additionally, a stay is consistent with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are judicial in nature, implicate important state interests, and offer an adequate opportunity for review of constitutional claims so long as no extraordinary circumstances exist which make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). The doctrine has been expanded to require abstention even if the plaintiff in the federal case is not seeking to *enjoin* the state proceeding, but has filed an action for damages that could undermine or preclude the state's consideration of certain issues. *See, e.g., Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998) ("In this circuit, abstention from damages suits is proper."); *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995).

9. The *Younger* factors favor abstention here. The state criminal case is judicial, the state of Illinois has a keen interest in ensuring those who violate its criminal laws are tried and punished, and the state criminal proceeding offers a venue in which Carpenter can raise her claims that the officers had no probable cause to arrest her and employed excessive force in making that arrest. There are no extenuating circumstances to make abstention inappropriate.

10. In *Simpson v. Rowan*, the Seventh Circuit expressly adopted the application of *Younger* abstention in such circumstances and held that a civil lawsuit should be stayed pending full resolution of the plaintiff's criminal case, including appeal of the criminal verdict to the Illinois Supreme Court:

> Even though the state trial has ended, however, Simpson's federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. For instance, were Simpson to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction. The policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process.

73 F.3d 134, 138 (7th Cir. 1995). The "federal damage action" the court refers to is a § 1983 civil rights suit seeking damages for an unlawful search and arrest. *See id.* at 135. *Simpson* is directly on point and controls how this court should handle Carpenter's civil rights suit while her criminal case proceeds.

11. Other practical concerns also warrant staying this matter. Were this matter to proceed, Carpenter may likely invoke her Fifth Amendment right not to incriminate herself and refuse to answer certain questions in discovery. Georgette Durr ("Durr"), who was arrested with Carpenter but who is not a plaintiff in this matter, may also invoke the Fifth Amendment, as the

same criminal charges pending against Carpenter are pending against her.  *See* Exhibit B.  The Individual Officers would suffer prejudice were Carpenter and Durr to refuse to respond fully to discovery.  Staying this matter until resolution of Carpenter's criminal case, which is being tried simultaneously with Durr's, *compare* Exhibit A and Exhibit B, ensures discovery will eventually proceed without the difficulties and complexities their invocation of the Fifth Amendment would pose.

WHEREFORE, for the reasons stated above, the Individual Officers respectfully request that the court issue an order staying proceedings against all defendants in this case until the conclusion of the matters in the criminal case of *People v. Channette Carpenter*, 07 CR 0005101, and for any additional relief this court deems appropriate.

Respectfully submitted,

s/ Marc J. Boxerman
MARC J. BOXERMAN
One of the Individual Officers' attorneys

Marc J. Boxerman
City of Chicago Department of Law
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

## CERTIFICATE OF SERVICE

      I, Marc J. Boxerman, certify that I have caused a true and correct copy of the above **Notice of Motion** and **Motion to Stay Proceedings** to be sent via e-filing to the persons named in the Notice of Motion, each a "Filing User" pursuant to Case Management/Electronic Case Files, on February 27, 2008, in accordance with the rules governing the electronic filing of documents.

                                                        s/ Marc J. Boxerman
                                                        MARC J. BOXERMAN