UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

CHANNETTE CARPENTER, individually,)
And as Special Administrator of the Estate )
Of baby Carpenter (deceased)          )
                                      )
          Plaintiff,                  )          07 C 6918
                                      )
V.                                    )
                                      )
THE CITY OF CHICAGO et. al.           )          Judge Virginia M. Kendall
                                      )
          Defendants                  )

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT COUNTY OF COOK'S MOTION TO DISMISS PLAINTIFF'S
## AMENDED CONMPLAINT

NOW COMES Defendant, COUNTY OF COOK, by its attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his Assistant, Andrew J. Creighton, and pursuant to Rule 12(b)(1)(6) of the Federal Rules of Civil Procedure moves this Honorable Court to Dismiss Plaintiff's Amended Complaint.  In support of its motion, Defendant states as follows:

### I

### CERMAK HEALTH SERVICES MUST BE DISMISSED BECAUSE IT IS AN
### UNSUABLE ENTITY.

Cermak Health Services must be dismissed as a defendant from this cause of action. Cermak is a non-suable entity, and therefore cannot be named separately as a defendant, nor can judgment be rendered separately against it as a defendant.  In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit, *Jackson v. Village of Rosemont*, 180 Ill. App.3d 932, 536 N.E.2d 720, 723 (1988).  Departments within a governing unit lack the necessary separate legal existence.   In *Payne v. Cook County Hospital*, 719 F. Supp. 730, 733-34 (N.D.Ill. 1989), the Court stated,

1

> Alleging that it is a non-suable entity, the hospital submits an
> additional reason for dismissal. Since it has no legal existence
> separate and apart from the County of Cook, the hospital cannot be
> sued. *See, Mayes v. Elrod,* 470 F. Supp. 1188, 1192 (N.D. Ill.
> 1979) ... That legal issue is beyond dispute. *Citations omitted.*

The County of Cook is a local governmental entity with its own legal existence, and is subject to suit, *Tosado v. Miller,* 188 Ill. 2d 186, 720 N.E.2 d 1075 (1999), *Ferguson v. McKenzie,* 202 Ill. 2d 304, 780 N.E.2d 660 (2001). Subdivisions and departments of local governmental entities lack independent governmental footing and do not have the capacity to be sued, *Castillo v. Cook County Mail Room,* 990 F.2d 304, 307 (7th Cir. 1993). There are no statutory provisions elevating Cermak Health Services of Cook County to the level of an independent government entity for the purpose of a lawsuit. Cermak does not exist as a separate entity apart from the County of Cook and therefore is not a suable entity, *Jackson v. Sheriff of Cook County,* 2007 U.S. Dist. LEXIS 21141, (N.D. Ill. 2007 ), *Glass v. Fairman,* 992 F. Supp. 1040, 1042 (N.D. Ill. 1998).Therefore Plaintiff has not and cannot establish that Cermak Health Services has an independent legal status. Consequently, Cermak is a non-suable entity, and must be dismissed from this cause of action.

## II

## THE STATE LAW CLAIM FOR MEDICAL MALPRACTICE AGAINST COOK COUNTY SHOULD BE DISMISSED BECAUSE IT IS NOT A PROPER PENDENT CLAIM.

The Plaintiff asserts federal civil rights jurisdiction against the City of Chicago and certain of its Police Officers for violations allegedly based on excessive force during an arrest. Regarding Cook County, the Amended Complaint only alleges state medical malpractice claims regarding the Plaintiff's obstetrical and gynecological medical care while at Cook County Jail. The subsequent medical claims do not arise out of the same common nucleus of operative facts and are not proper for pendent federal jurisdiction, *Serrano-Moran v Gaztambide,* 195 F.3d 68 (1st Cir.1999), *Huffman v. Hains,* 865 F.2d 920 (7th Cir. 1989)

2

### III

**THE STATE LAW MEDICAL MALPRACTICE CLAIM SHOULD BE
DISMISSED BECAUSE THE ATTORNEY'S AFFIDAVIT AND PHYSICIAN'S
REPORT ATTACHED TO THE AMENDED COMPLAINT ARE DEFICIENT AS
A MATTER OF LAW**

To proceed in a medical malpractice action, Illinois statute requires an attorney's affidavit and physician's report meeting the requirements of 735 ILCS §5/2-622. The Amended Complaint alleges medical malpractice against Cook County for the failure to provide obstetrical and gynecological care namely, failure to perform a "D & C" and/or ultrasound on the Plaintiff. These are clearly obstetrical/gynecological issues.

§ 622 requires the plaintiff's attorney to file an affidavit stating that she has consulted and reviewed the case with health care professional who the affiant reasonably believes (1) is knowledgeable in the relevant issues, (2) has practiced or taught in the last 6 years in the same area of medicine that is at issue, and (3) is qualified by experience or competence in the in the subject of the case. The attorney affidavit is deficient in that it does not state that the physician has practiced in the area of obstetrics and gynecology in the last 6 years nor that he has any competence in that area. The fact that the physician claims to be able to read medical records is irrelevant.

The Plaintiff's §622 report was provided by a physician board certified only in internal medical and kidney disease (nephrology). There are no facts presented in the attorney's affidavit or the physician's report that demonstrate that this doctor is in anyway qualified to render opinions on obstetrical and gynecological medical issues. Therefore the attorney affidavit and §622 report are inadequate as a matter of law and should be stricken, and these allegations of

3

the Amended Complaint dismissed, *Hubbard v. Sherman Hospital,* 292 Ill. App. 3d 148, 685

N.E.2d 648 (2nd Dist. 1997), (physician not qualified to offer opinions regarding emergency

room doctors because the witness had only a limited experience in emergency room care.)

### IV

### PUNITIVE DAMAGES AND ATTORNEY FEES ARE NOT
### RECOVERABLE AGAINST COOK COUNTY AS A MATTER OF LAW

In Count XXV, page 33 (para. C. and D) of the Amended Complaint, Plaintiff

seeks punitive damages against Cook County. A County cannot be held liable for punitive

damages, *Smith v. County of Racine,* 2007 U.S. Dist. LEXIS 65235 (E. D. Wis. 2007), *City of*

*Newport v. Fact Concerts Inc.,* 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed. 2d 616 (1981).

Furthermore, Illinois statute prohibits punitive damages in medical malpractice cases, 735 ILCS

§5/2-1115.

In Count XXV, (para. B), Plaintiff requests attorney fees. Attorney fees are not

recoverable in medical malpractice actions, *Eads v. Heritage Enterprises, Inc.,* 204 Ill. 2d 92,

787 N.E.2d 771, (2003).

## CONCLUSION

**WHEREFORE**, Defendant COUNTY OF COOK respectfully request that this Honorable Court dismiss PLAINITIFF'S AMENDED COMPLAINT AS TO ALLEGATIONS AGAINST COOK COUNTY AND CERMAK HEALTH SERVICES with prejudice.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By : /s/ Andrew J. Creighton
Andrew J. Creighton
Assistant State's Attorney
Medical Litigation Unit
301 Richard J. Daley Center
Chicago, Illinois  60602
(312) 603-5111

5